J-A21031-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JAMES HANTON, | |
| Appellant | No. 2253 EDA 2014 |

Appeal from the Judgment of Sentence entered July 17, 2014,
in the Court of Common Pleas of Philadelphia County,
Criminal Division, at No(s): CP-51-CR-0008400-2012

BEFORE:  ALLEN, MUNDY, and FITZGERALD*, JJ.

MEMORANDUM BY ALLEN, J.:                    **FILED JULY 10, 2015**

James Hanton ("Appellant") appeals *pro se* from the sentence imposed after he pled guilty to one count of possession with intent to deliver crack cocaine, 35 P.S. § 78-113(a)(30).[1]

The trial court explained that after Appellant pled guilty, he was "sentenced to 11½ to 23 months incarceration followed by 60 months reporting probation, within the standard range of the guidelines for a repeat felony offender.  [Appellant] was credited with 25 months of time served and immediately paroled."  Trial Court Opinion, 1/29/15, at 1 (footnote omitted).

_____

[1] On December 22, 2014, the trial court conducted a hearing pursuant to **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998), and determined that Appellant voluntarily waived his right to counsel.

*Former Justice specially assigned to the Superior Court.

Appellant presents us with a "summary of questions involved":

> 1. Was the Appellant entitled to have Motion to Suppress Honored/Granted; should case have been dismissed pursuant to Pa.R.Crim.Pr. Rule 600; did the court lack subject matter jurisdiction over the case/cause of action?

Appellant's Brief at 7 (unnumbered).

Before we reach the merits of Appellant's questions, we note that on December 31, 2014, the trial court ordered Appellant's compliance with Pa.R.A.P. 1925(b), "not later than twenty-one (21) days after entry of this Order. Any issue not properly included in the Statement **timely filed** and served pursuant to subdivision (b) of Pa.R.A.P. 1925 shall be deemed waived." (Emphasis added). The trial court's order included proof of service to Appellant at the same Tyson Avenue, Philadelphia address which Appellant lists on his appellate brief. **See** Appellant's Brief at 18 (unnumbered).

Appellant did not timely file a Pa.R.A.P. 1925(b) statement. On January 29, 2015, the trial court issued its opinion in which it found waiver due to Appellant's failure to file a timely Pa.R.A.P. 1925(b) statement.

Appellant has appended to his appellate brief a copy of his Pa.R.A.P. 1925(b) statement, time-stamped February 10, 2015. Our review of the certified record confirms that Appellant did not timely file his Pa.R.A.P. 1925(b) statement, but submitted it approximately two weeks after the trial court issued its opinion finding waiver. In his appellate brief, Appellant does not address his failure to timely file his Pa.R.A.P. 1925(b) statement.

In its brief, the Commonwealth is in agreement with the trial court that Appellant "waived his appellate rights when he ignored the trial court and failed to file a [timely] 1925(b) statement." Commonwealth Brief at 4. In addition, the Commonwealth asserts, "even if [Appellant] had filed the 1925(b) statement, he would still not be entitled to relief [because] he explicitly waived his right to challenge the denial of his post-trial motions when he pled guilty, and his challenge to the trial court's subject matter jurisdiction is absurd." *Id*.

Upon review, we agree with both the trial court and Commonwealth. Our Supreme Court has explained:

> Our jurisprudence is clear and well-settled, and firmly establishes that: Rule 1925(b) sets out a simple bright-line rule, which obligates an appellant to file and serve a Rule 1925(b) statement, when so ordered; any issues not raised in a Rule 1925(b) statement will be deemed waived; the courts lack the authority to countenance deviations from the Rule's terms; the Rule's provisions are not subject to *ad hoc* exceptions or selective enforcement; appellants and their counsel are responsible for complying with the Rule's requirements[.]

*Commonwealth v. Hill*, 16 A.3d 484, 494 (Pa. 2011). We note this is not a case like *Commonwealth v. Zingarelli*, 839 A.2d 1064 (Pa. Super. 2003), where an untimely filed concise statement of matters complained of on appeal was addressed by the trial court in its opinion, such that the issues were preserved for appellate review because the purpose of the appellate rule requiring such statement was served. Rather, we adhere to *J.P. v. S.P.*, 991 A.2d 904 (Pa. Super. 2010), where this Court reiterated

that an appellant's failure to comply with an order to file a Rule 1925(b) statement within 21 days constitutes waiver of all objections to the order, ruling, or other matter complained of on appeal. ***Id***. at 908, *citing **Commonwealth v. Lord***, 719 A.2d 306 (Pa. 1998) and ***Commonwealth v. Castillo***, 888 A.2d 775 (Pa. 2005).

Given the foregoing, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed. Case stricken from the argument list. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/10/2015